# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DELBERT HEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 06 C 0644 |
| | ) |
| ROGER E. WALKER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by: (1) acting with deliberate indifference to his serious medical needs (inguinal hernias); (2) discriminating against him on the basis of his race; (3) refusing to treat his tooth decay; and (4) subjecting him to cruel and unusual conditions of confinement (both by exposing him to unreasonably high levels of environmental tobacco smoke and by double-celling him in an inhumane manner). This matter is before the court for ruling on pending motions.

Certain defendants, supervisory officials, have moved to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is granted in part and denied in part. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at

521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson*, 362 F.3d at 971. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 127 S.Ct. at 1964 -65 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 127 S.Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Norfleet v. Vale*, No. 05 C 0926, 2005 WL 3299375, at *1 (N.D. Ill. Dec. 5, 2005) (Zagel, J.). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Nevertheless, the factual allegations in the

complaint must be enough to raise a right to relief above the speculative level. *Id.*, 127 S.Ct. at 1973-74 & n.14. Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## **FACTS**

The plaintiff is a state prisoner, confined at the Stateville Correctional Center at all times relevant to this action. The plaintiff is an African American. Defendant Roger Walker is the former Director of the Illinois Department of Corrections. Defendant Willard Elyea is the IDOC's Medical Director. Defendants Kenneth Briley and Deirdre Battaglia were, successively, wardens at the Stateville Correctional Center during the period of the plaintiff's confinement at that facility.

In his second amended complaint, the plaintiff alleges the following facts, which must be accepted as true for purposes of the motion to dismiss: While imprisoned at the Stateville Correctional Center, the plaintiff was afflicted with two inguinal hernias. The hernias were "potentially life-threatening" and caused painful lumps to bulge in the plaintiff's left and right groin. On account of allegedly inadequate medical treatment and the delay of needed surgery, the hernias grew progressively larger and more painful. The hernias grew so large that they descended into the plaintiff's scrotum, causing pain in his testicles, restriction of the flow of urine, and "excruciating" pain whenever the plaintiff coughed, sneezed, or attempted to exercise.

Elyea overruled another doctor's recommendations for surgery. Elyea approved surgery for a Caucasian inmate who had a single hernia that was not nearly as serious as the plaintiff's condition.

Walker, Briley and Battaglia had a policy of housing smoking and non-smoking prisoners together. The environmental tobacco smoked caused "immediate harm" to the plaintiff's body and poses a substantial risk of future harm. Double-celling also presented a threat to the plaintiff's health and safety.

In retaliation for the plaintiff's grievances and lawsuits, defendant Battaglia "banned" him from the Stateville Correctional Center, transferring the plaintiff to the Menard Correctional Center. The plaintiff is currently confined at the Pontiac Correctional Center.

## DISCUSSION

Accepting the plaintiff's allegations as true, the court finds that he has articulated colorable claims against defendants Battaglia, Briley, and Elyea in their official capacities. It is not the case that Plaintiff could prove "no set of facts" showing that he is entitled to relief against them under 42 U.S.C. § 1983. *Haines*, 404 U.S. at 521; *Zimmerman*, 226 F.3d at 571. The second amended complaint is dismissed only as to defendant Walker, as well as insofar as the remaining defendants are sued in their official capacities.

**I. Personal Involvement**

A. Wardens Briley and Battaglia

The plaintiff has alleged sufficient facts to demonstrate, at the pleading stage, the direct personal involvement of defendants Briley and Battaglia with regard to the plaintiff's Eighth Amendment claims. Liability under the Civil Rights Act requires a defendant's direct, personal involvement. *H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be

4

liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Although the plaintiff fails to aim any direct allegations as to Wardens Briley and Battaglia, *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996), teaches that dismissal of a *pro se* complaint on grounds of lack of active personal involvement is inappropriate where the official's position justifies an inference that the official had some direct involvement in the alleged violation. *Antonelli* concerned broad claims of unconstitutional conditions of confinement. In that case, the Court of Appeals found that an inference of involvement was justified to sustain claims asserted against certain senior officials, such as the county sheriff or the prison warden, where the claims alleged "potentially systemic," rather than "clearly localized," constitutional violations. *Id.* at 1428-29. In the case at bar, the plaintiff challenges alleged prison-wide policies. The second amended complaint sets forth arguable claims against Wardens Briley and Battaglia, who were presumably aware of–if not behind–the purportedly unconstitutional smoking and double-celling policies, and in a position to address those problems. Accordingly, the plaintiff may further develop his claims against Stateville's wardens.

B. IDOC Director Elyea

The second amended complaint likewise states a c cognizable claim against defendant Elyea. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis

5

in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). It should nevertheless be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653.

The court will assume for purposes of the motion to dismiss that the plaintiff's need for hernia surgery amounted to a "serious" medical need. A medical condition that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention" may constitute a serious medical need. *Edwards v. Snyder*, 478 F.3d 827, 830 -831 (7th Cir. 2007) (*quoting Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (indications of a serious medical need include the existence of chronic and substantial pain). Because the plaintiff describes an arguably serious medical condition, the objective component is satisfied.

The plaintiff has also sufficiently pleaded the subjective component. To satisfy the subjective prong of deliberate indifference, the plaintiff must allege that the health care provider in question was aware of and consciously disregarded the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). The plaintiff's alleged endurance of needless pain while treatment was delayed is sufficient to state a claim against Elyea. *See, e.g., Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. Jul. 5, 2007) (a jury could have concluded that a delay in medical treatment unnecessarily prolonged plaintiff's pain and may have exacerbated his medical condition); *see also Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004) (recognizing that "hours of needless suffering" can constitute compensable harm).

Elyea is not just sued for events that took place "under his administration," as counsel argues. Rather, the plaintiff maintains that Elyea personally approved surgery for a Caucasian inmate who had a condition less serious than the plaintiff's, singling out the plaintiff for a denial of needed medical care because he is black. Of course, a more fully developed record may establish that the plaintiff received constitutionally adequate medical care, that there was a valid reason for the differential treatment, and/or that Elyea was not personally responsible for any delays. Nevertheless, the second amended complaint is sufficient to withstand a motion to dismiss.

C. IDOC Director Walker

The second amended complaint is dismissed as to former IDOC Director Roger Walker. The mere fact that Walker was the Director of the Illinois Department of Corrections during the time period in question is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.*

Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action

complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003).

In this case, in response to the defendants' motion to dismiss, the plaintiff simply stands on the second amended complaint, noting that it survived a threshold review under 28 U.S.C. § 1915A. However, a complaint must be dismissed if "the factual detail is so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (citation omitted). The IDOC's director cannot be excepted to be involved in the day-to-day vicissitudes of inmate daily life. Because the plaintiff has failed to state any facts suggesting that Walker was personally involved in, or even aware of, the alleged circumstances giving rise to the complaint, Walker is dismissed as a defendant in this matter.

In short, for the reasons stated above, only defendant Walker is dismissed as a defendant for lack of direct, personal involvement.

## II. Retaliation

Defendant Battaglia's claim that the complaint fails to state a retaliation claim is without merit. It is well settled that prison officials violate the Constitution when they retaliate against a prisoner for filing grievances or initiating lawsuits. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Punishing an inmate for filing grievances violates his constitutional rights, even if the retaliatory action would not otherwise independently violate the Constitution. *See, e.g., Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). The plaintiff contends that Battaglia "banned" him from Stateville on account of his grievances and lawsuits. At this stage of the proceedings, the plaintiff need provide no additional facts. The "short and plain

8

statement" provision of Fed. R. Civ. P. 8(a)(2) requires a plaintiff to allege no more than "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005) (citations omitted). "A complaint should be dismissed for failure to state a claim only if no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 908-09. The second amended complaint adequately sets forth a First Amendment cause of action.

### III. Injunctive Relief

The plaintiff's requests for injunctive relief are dismissed. The plaintiff cannot obtain injunctive relief, as none of the defendants are employed at his current place of confinement. If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be transferred back to that facility and again be subject to the alleged illegality. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (internal citations and quotations omitted). In this case, any claim for injunctive relief has been rendered moot by the plaintiff's transfers to the Menard and, currently, Pontiac Correctional Centers. Furthermore, the plaintiff has no standing to sue on behalf of Stateville inmates regarding policies and practices at that facility since he is no longer confined at that prison.

### IV. Individual vs. Official Capacity

Moreover, the plaintiff cannot sue the defendants in their official capacities. As noted above, the plaintiff cannot pursue injunctive relief; furthermore, the Eleventh Amendment bars private suits for damages against the State, state agencies, and state officials in their official capacities. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005) (citations

omitted). Consequently, the plaintiff may proceed against the remaining defendants only to the extent that they are sued in the individual capacities for damages.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the complaint for failure to state a claim is largely denied. The court is satisfied that the complaint sets forth cognizable causes of action under 42 U.S.C. § 1983 against defendants Battaglia, Briley, and Elyea. Consequently, those defendants are directed to answer or plead within twenty-one days of the date of this order. Only Walker is dismissed as a defendant. This order is not intended to discourage either party from filing a properly completed motion for summary judgment.

## MOTION FOR A PRELIMINARY INJUNCTION

Turning, then, to the plaintiff's motion a preliminary injunction, the motion is denied. The plaintiff requests placement in a single occupancy cell, arguing that double-celling at the Pontiac Correctional Center places him at undue risk of harm. However, this court has no personal jurisdiction over Pontiac officials, who are not parties to this lawsuit. The plaintiff must file a separate lawsuit, either in state court or in the U.S. District Court for the Central District of Illinois, if he wishes to litigate the conditions of his confinement at the Pontiac Correctional Center.

## SERVICE ON DEFENDANTS

Finally, the plaintiff's motion "to request the court to instruct U.S. Marshals Service to obtain addressed of unserved defendants from their counsel" is granted. The clerk shall issue alias summonses forthwith for defendants Ngu, Tilden, Suh, and Shan.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the

defendants with process. **Again, the U.S. Marshal is directed to make all reasonable efforts to serve the defendants. Mailing a waiver to the defendants in care of Wexford Health Services is insufficient to discharge the Marshal's obligation if no signed waiver is returned.**

As noted in the court's Minute Order of December 18, 2007, defense counsel most likely has address information for the defendants in question. Accordingly, the Marshal is directed to contact Richard Tjepkema, (312) 372-8338 for contact information for those defendants. In addition, the Illinois Department of Corrections and/or Wexford Health Services shall furnish the Marshal with the defendants' last-known addresses upon request from the U.S. Marshal. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss the second amended complaint [#100] is granted in part and denied in part. The motion to dismiss is granted only (a) as to defendant Walker, (b) insofar as the remaining defendants are sued in their official capacities, and (c) as to any claims for injunctive relief. Walker is terminated as a defendant pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Battaglia, Briley, and Elyea are directed to answer or otherwise plead within twenty-one days of the date of this order.

IT IS FURTHER ORDERED that the plaintiff's motion "in opposition" to the motion to dismiss [#114] is granted.

IT IS FURTHER ORDERED that the plaintiff's motion for a preliminary injunction [#115] is denied.

IT IS FURTHER ORDERED that the plaintiff's motion to instruct the U.S. Marshal to re-attempt service [#119] is granted. The Clerk is directed to issue alias summonses for service on defendants Ngu, Tilden, Suh, and Shan by the U.S. Marshal.

Enter: *Wayne Andersen*
Wayne R. Andersen
United States District Judge

Date: ___August 28, 2008_____