IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELBERT HEARD ) | |
| Plaintiff, ) | |
| v. ) | No. 06 C 644 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | Judge Virginia M. Kendall |
| CORRECTIONS, et al., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Delbert Heard, an inmate at the Pontiac Correctional Center, alleged that Defendants Wexford Health Sources, Inc., Dr. Parthasarathi Ghosh, and Dr. Willard O. Elyea, acted with deliberate indifference to his serious medical condition in violation of 42 U.S.C. § 1983 when they refused to authorize surgery for Heard's hernia. On July 13, 2012, following a jury trial, the jury reached a verdict in favor of Heard against Dr. Ghosh and awarded Heard $23,250 in compensatory damages and $250,000 in punitive damages. Dr. Ghosh moves pursuant to Federal Rule of Civil Procedure 59 for remittur or a new trial as to the issue of punitive damages. Heard has petitioned for an award of attorney's fees.

**Motion for Remittur**

Punitive damages are recoverable in § 1983 cases upon a showing of reckless or callous disregard to the federally protected rights of another. *Woodward v. Correctional Medical Svcs. Of Illinois, Inc.*, 368 F.3d 917, 930 (7th Cir. 2004) (citing *Smith v. Wade*, 461 U.S. 30, 35 (1983)). "This is the same standard as for § 1983 liability, 'both require a determination that the defendants acted with deliberate indifference or reckless disregard.'" *Id.* (quoting *Walsh v. Mellas*, 837 F.2d 789, 801 (7th Cir. 1988)). Since the standard for the finding for liability and the finding for the assessment of punitive damages is the same, and Dr. Ghosh does not challenge the jury's verdict on

liability, this Court will not contradict the jury's determination that the assessment of punitive damages was appropriate here.

With respect to the appropriateness of a punitive award in the amount of $250,000, an award of punitive damages violates due process if its is "grossly excessive." *TXO Prod. Cop. v. Alliance Res. Corp.,* 509 U.S. 443, 458 (1993); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003). In evaluating punitive damage awards, the Supreme Court guides that "few awards [of punitive damages] exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *See Mathias v. Accord Economy Lodging, Inc.*, 347 F.3d 672, 676 (7th Cir. 2003) (quoting *State Farm*, 538 U.S. at 425). The ratio between Heard's compensatory and punitive awards exceeds 10-1 and therefore merits additional scrutiny under *State Farm*. However, single-digit proportionality is not a bright-line rule in evaluating an award. *Mathias*, 347 F.3d at 676. Rather, courts "consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damage award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Estate of Moreland v. Dieter*, 395 F.3d 747, 756 (7th Cir. 2005) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996)).

Heard urges this Court to focus on the second factor, the disparity between the actual *or potential* harm suffered by the plaintiff. While Heard may not have suffered a strangulated hernia - a life-threatening condition - during the time period at issue in this suit, Heard properly notes that the evidence presented at trial showed that Dr. Ghosh twice denied Heard surgery to correct a hernia, which can grow considerably more serious and potentially life-threatening if untreated. Other

2

witnesses testified that had Heard been outside the penal system he would have received surgery far earlier in the progression of his ailment. Therefore, there certainly exist a potential for serious harm beyond the harm actually sustained, and may be the basis for the jury's decision to award substantial punitive damages relative to the compensatory award. However, the Court remains mindful that this case specifically included a limited period for damages up to, and not beyond, March 2006. Heard's hernia did not become strangulated until May 2007, more than a year following the close of the time period that the jury could consider when awarding damages. Given the limitation on the time period that the jury could consider, it would not be appropriate to apply hindsight in order to impugn Dr. Ghosh's actions during two visits with more gravity than the evidence merits. Heard prevailed before the jury that Dr. Ghosh's actions *at that time* were deliberately indifferent to Heard's medical needs *at that time*. While the potential for future serious harm should be considered, the Court will not engage in Monday morning quarterbacking to impute dire consequences to Dr. Ghosh's actions due to the ultimate conclusion of the medical condition more than a year later and specifically not at issue in the suit.

In defending the award, Heard also alleges that comparable cases recommend sustaining the punitive damages award at the full $250,000. Based on the case precedent provided by the parties, as well the Court's own research, the Court cannot agree that Heard's $250,000 punitive award is comparable to the penalties imposed in similar civil cases. Heard relies primarily on *Cooper v. Casey*, a 1996 case regarding deliberate indifference to the medical needs of plaintiff inmates. 97 F.3d 914 (7th Cir. 1996). *Cooper* sustained a collective punitive damage award of $120,000 and a compensatory damage award of $10,000 after a jury determined that prison guards had beaten and maced two inmates and then left their injuries untreated. However, the *Cooper* case is

distinguishable on both factual and legal grounds. Legally, the case is more than 15 years old. *Cooper* was decided before *State Farm* and *Woodward*, both of which changed the landscape with respect to the reasoning behind punitive damages awards. Factually, while the *Cooper* jury awarded $120,000 in total punitive damages, the award was against seven defendants, making the highest amount asserted against any one defendant $22,500, a ratio considerably more reasonable relative to each plaintiff's $5,000 compensatory award. *See Estate of Moreland*, 395 F.3d at 757 (upholding punitive damage award when the cases cited by defendants for third *Gore* factor "are either quite dated or factually distinguishable). And even the collective amount of $120,000 is less than half that awarded Heard here.

The Court agrees with Dr. Ghosh that this case is factually more similar to *Williams v. Patel*, 104 F. Supp. 2d 984 (C.D. Ill. 2000). The district court in *Williams* granted a motion for remittur on a $1 million punitive damages award (on top of a $1 million compensatory award) for deliberate indifference to medical needs, which resulted in the loss of the plaintiff inmate's eye. Reviewing similar cases, the *Williams* court determined that while the defendant's conduct in the case was reprehensible, the awards in similar cases were not nearly as high as that awarded to the *Williams* plaintiff. "[P]laintiff has not cited any cases in which a prisoner, or any other person, has been awarded punitive damages even close to the amount awarded in this case for conduct similar to that of Dr. Patel's." *Williams*, 104 F. Supp. 2d at 1000. The same is true for the award against Dr. Ghosh here; neither party has produced any cases factually similar to Heard's hernia injury - which injury was not a life-threatening during the time period covered by this suit - that suggest an award anywhere of $250,000 is appropriate.

4

In light of the testimony presented, the limitation on the time period at issue in this suit, and the award of compensatory damages, Heard's punitive award will be reduced to $116,250, or five times the amount of the compensatory award. This revised award upholds the jury's determination that substantial punitive damages are appropriate here and takes into account Heard's arguments regarding the reprehensibility of Dr. Ghosh's conduct and the need to punish for the potential for serious harm beyond harm actually sustained, but brings the award closer to similar cases regarding indifference to the medical needs of prisoner plaintiffs.

The Court may not arbitrarily reduce damages awards determined by a jury because doing so would implicated Heard's constitutional right to a jury trial. *Hetzel v. Prince William County, Va.*, 523 U.S. 208, 210 (1998) (per curiam). Heard has the choice of either accepting the remittitur or rejecting it and forcing a new trial limited solely to the issue of punitive damages. *See McKinnon v. City of Berwyn*, 750 F.2d 1383, 1392 (7th Cir.1984). Therefore, Heard shall inform this Court within 21 days whether he wishes to accept the remittur or seek new trial on this limited issue.

**Attorney's Fees**

Heard's counsel filed a petition for attorney's fees. As appointed counsel, Heard's counsel and his associates conducted all work on this case, which lasted for six years and resulted in a 2-week trial, free of charge. Under 42 U.S.C. § 1988, as the prevailing party Heard's counsel is entitled to the recovery of attorney's fees even though he was appointed. Nevertheless, Heard's counsel has graciously agreed to limit recovery of his potentially sizable fees to 25% of the judgment awarded Heard, as provided under 42 U.S.C. § 1997e(d)(2) for prisoner awards, and not seek the remainder of the award from Dr. Ghosh. Heard's petition for attorneys fees is wisely unopposed.

At the time Heard filed the petition for attorney's fees, the original punitive damages award

5

was in place and Heard's counsel would have received $68,312.50 in fees, equal to 25% of Heard's $273,250 actual recovery. Taking into account the Court's reduction of punitive damages above, if Heard accepts the remittur his revised total recovery will be $139,500 and the maximum fees recoverable from that judgment will be $34,875. Given the nearly 1,000 hours put into this case over six years by Heard's attorneys and their gracious concession on fees already, the Court will not reduce fees further on account of this order. Therefore, in the event Heard accepts remittur, Heard will pay 25% of his revised actual recovery, $34,875, to his attorneys and Dr. Ghosh will pay $33,437.50 to Heard's attorneys, that the total attorney's fee award may equal the originally agreed $68,312.50.

**Conclusion**

Dr. Ghosh's motion for remittur of punitive damages is granted in part. Heard has the choice to either accept remittitur of punitive damages from the originally awarded $250,000 to a revised award in the amount of $116,250, or reject remittur and have a new trial limited solely to the issue of punitive damages. Heard shall inform this Court within 21 days whether he wishes to accept the remittur or seek new trial on this limited issue. Heard's petition for attorney's fees is granted. In the event Heard accepts the revised punitive award, Heard shall pay $34,875 from his revised award and Dr. Ghosh shall pay $33,437.50 to Heard's counsel. In the event Heard rejects the revised award, the petition for attorney's fees will be revisited following the new trial.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: October 22, 2012